**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GEORGE TELFORD,<br>   Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK,<br>   Defendant. | )<br>)<br>)<br>) **C.A. No.:**<br>)<br>)<br>)<br>)<br>) **COMPLAINT AND DEMAND FOR**<br>) **JURY TRIAL**<br>) |

## COMPLAINT

GEORGE TELFORD ("Plaintiff"), by and through his attorneys, ANGELA K. TROCCOLI, ESQUIRE and KIMMEL & SILVERMAN, P.C., alleges the following against CAPITAL ONE BANK ("DEFENDANT"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Connecticut, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6. Plaintiff is a natural person residing in New Britain, Connecticut 06051.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 1680 Capital One Drive, McLean, Virginia 22102.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that he has had for more than one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in December 2015 and continuing thereafter, Defendant placed repeated telephone calls to Plaintiff's cellular telephone number.

14. Defendant contacted Plaintiff, on average, once a day.

15. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

16. Plaintiff knew that Defendant was using an automated telephone dialing system because the calls would begin with a pre-recorded voice before transferring the call to a live agent.

17. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect an account balance.

- 2 -

PLAINTIFF'S COMPLAINT

18. It was annoying and harassing for Plaintiff to be called on his cellular telephone with such frequency.

19. Desiring to stop the repeated telephone calls, on more than one occasion, Plaintiff spoke with Defendant's collectors to advise them he no longer wanted to be contacted on his cellular telephone and to stop calling.

20. This was Plaintiff's way of revoking any consent that may have been given to Defendant to contact him.

21. Defendant heard Plaintiff's instructions to stop calling him.

22. However, Defendant refused to update its records to restrict telephone calls to Plaintiff's cellular telephone.

23. Rather, Defendant continued to call Plaintiff on his cellular telephone.

24. It was frustrating and annoying for Plaintiff to receive such continuous and repeated telephone calls from Defendant on his cellular telephone and as such Plaintiff took measures to block Defendant's calls.

25. Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

**COUNT I**

26. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

27. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

PLAINTIFF'S COMPLAINT

28. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

29. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

30. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

31. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

32. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

33. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

34. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

35. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

36. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GEORGE TELFORD, respectfully prays for a judgment as follows:

 a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

 b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

 c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

 d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

 e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, GEORGE TELFORD, demands a jury trial in this case.

         RESPECTFULLY SUBMITTED,

         GEORGE TELFORD
         By her Attorney,

         */s/ Angela K. Troccoli*
         Angela K. Troccoli, Esquire, Id# ct28597
         Kimmel & Silverman, PC
         *The New England Office*
         136 Main Street, Suite 301
         Danielson, CT 06239
         (860) 866-4380- direct dial
         (860) 263-0919- facsimile
         atroccoli@creditlaw.com

Dated: May 3, 2016